# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
## BRUNSWICK DIVISION

OSCAR LENTON, SR.,

    Petitioner,

v.                                       CIVIL ACTION NO.: CV214-009

WARDEN HASTINGS,

    Respondent.

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Oscar Lenton ("Lenton"), an inmate currently incarcerated at the Federal Correctional Institution in Jesup, Georgia, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. Respondent filed a Response. Lenton filed a Traverse. For the reasons which follow, Lenton's petition should be **DISMISSED**.

## STATEMENT OF THE CASE

In 2002, Lenton was tried by a jury and convicted of: possession with intent to distribute cocaine, in violation of 21 U.S.C. §§ 841(a)(1) & (b)(1)(C); possession of a firearm in relation to a drug trafficking offense, in violation of 18 U.S.C. § 924(c); and possession of a firearm by a convicted felon, in violation of 18 U.S.C. §§ 922(g)(1) & 924(e)(1). Lenton was sentenced to a total of 360 months' imprisonment: 240 months' imprisonment for Count 1; 300 months' imprisonment for Count 3, to run concurrently to Count 1; and 60 months' imprisonment for count 2, to run consecutive to Counts 1 and

3. (4:02-cr-00026-SPM-AK, Doc. 63) (N.D. Fla.). Lenton filed an unsuccessful appeal. United States v. Lenton, 88 F. App'x 381 (11th Cir. 2003) (Table).

Lenton filed a motion pursuant to 28 U.S.C. § 2255 in the United States District Court for the Northern District of Florida, claiming that his: right to a speedy trial was violated; counsel failed to communicate a plea offer to him and failed to inform him of his right to enter a guilty plea without a plea agreement; confrontation rights were violated; and that counsel rendered ineffective assistance. (4:02-cr-00026-SPM-AK, Doc. 95, pp. 1-8). This motion was denied. (4:02-cr-00026-SPM-AK, Doc. 118). The United States Court of Appeals for the Eleventh Circuit denied Lenton's motion for a certificate of appealability. (4:02-cr-00026-SPM-AK, Doc. 140). Lenton then filed a motion for reduction of sentence pursuant to 18 U.S.C. § 3582, which was denied. (4:02-cr-00026-SPM-AK, Doc. 146). His appeal of this denial was dismissed for failure to prosecute. (4:02-cr-00026-SPM-AK, Doc. 162).

In the instant petition, Lenton asserts that judicial fact finding of the type and quantity of the controlled substance regarding his conviction under § 841 violated his Fifth Amendment and Sixth Amendment rights, as they require the standard for beyond a reasonable doubt to be applied to such finding. Lenton states that his sentence was enhanced because the court determined the quantity of cocaine exceeded five grams, which triggered a substantial mandatory minimum sentence.

Lenton also claims that the judicial fact finding of quantity (.1 gram) rendered a 300-month sentence, which exceeds the statutory maximum under the decisions in Begay v. United States, 553 U.S. 137 (2008), and Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013). Lenton states that he is actually innocent of

2

being classified as a career offender because his convictions for aggravated assault without a firearm, aggravated assault with a deadly weapon, and his prior drug conviction do not qualify as crimes of violence or a serious drug offense.

Respondent asserts that there was no enhancement for drug quantity. Respondent contends that Lenton was properly sentenced as an armed career criminal under both § 4B1.1 of the United States Sentencing Guidelines and the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e). Respondent asserts that Lenton's convictions for resisting arrest with violence, aggravated assault without a firearm, possession of cocaine with intent to sell, and aggravated battery are predicate offenses under both the Guidelines and the ACCA. Respondent argues that his prior conviction of aggravated assault is an ACCA predicate offense. Respondent claims that, because Lenton is not serving a term greater than the maximum life term under § 924(e), his petition is barred as a successive § 2255 motion and barred by the applicable statute of limitations.

## DISCUSSION AND CITATION OF AUTHORITY

Ordinarily, an action in which an individual seeks to collaterally attack "the validity of a federal sentence must be brought under § 2255," in the district of conviction. 28 U.S.C. § 2255(a); Turner v. Warden Coleman FCI (Medium), 709 F.3d 1328, 1333 (11th Cir. 2013). "Although a prisoner may not file a second or successive § 2255 motion without permission from the court of appeals, 28 U.S.C § 2255(h), a prisoner who is otherwise barred from filing a second or successive motion to vacate may challenge his custody in a § 2241 petition [invoking the savings clause] if it 'appears that the remedy by motion is inadequate or ineffective to test the legality of his detention,'

3

[as established in] 28 U.S.C. § 2255(e)." Taylor v. Warden, FCI Marianna, No. 13-13045, 2014 WL 803040, at *2 (11th Cir. Mar. 3, 2014).

The United States Court of Appeals for the Eleventh Circuit provided two "challenges to which the savings clause" is applicable. Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332, 1343 (11th Cir. 2013). First:

> [t]he savings clause of § 2255 applies to a claim when: 1) that claim is based upon a retroactively applicable Supreme Court decision; 2) the holding of that Supreme Court decision establishes the petitioner was convicted for a nonexistent offense; and, 3) circuit law squarely foreclosed such a claim at the time it otherwise should have been raised in the petitioner's trial, appeal, or first § 2255 motion.

Id. (alteration in original) (quoting Wofford v. Scott, 177 F.3d 1236, 1244 (11th Cir. 1999)). Second, the savings clause may apply when "a fundamental defect in sentencing occurred and the petitioner had not had an opportunity to obtain judicial correction of that defect earlier." Id. (citations omitted) (internal quotation marks omitted).

The Eleventh Circuit "recently retreated from the purported three-factor test enumerated in Wofford, calling it only dicta, and explain[ed] that [t]he actual holding of the Wofford decision . . . is simply that the savings clause does not cover sentence claims that could have been raised in earlier proceedings." Turner, 709 F.3d at 1333 (alteration in original) (citation omitted) (internal quotation marks omitted). However, "Wofford's holding establishes two necessary conditions—although it does not go so far as holding them to be sufficient—for a sentencing claim to pass muster under the savings clause." Williams, 713 F.3d at 1343.

> First, the claim must be based upon a retroactively applicable Supreme Court decision. The second, and equally essential, condition is that the Supreme Court decision must have overturned a circuit precedent that

AO 72A
(Rev. 8/82)

squarely resolved the claim so that the petitioner had no genuine opportunity to raise it at trial, on appeal, or in his first § 2255 motion.

Id. "The petitioner bears the burden of coming forward with evidence affirmatively showing the inadequacy or ineffectiveness of the § 2255 remedy." Smith v. Warden, FCC Coleman-Low, 503 F. App'x 763, 765 (11th Cir. 2013) (citation omitted). "A petitioner may not argue the merits of his claim until he has opened the portal to a § 2241 proceeding by demonstrating that the savings clause of § 2255(e) applies to his claim." Id. (citation omitted).

Lenton filed a § 2255 motion, which was denied. "The mere fact that such a [§ 2255 motion] is procedurally barred by § 2255's statute of limitations or restriction on second or successive motions does not make it inadequate or ineffective." Peddi v. Hobbs, No. 98-2994, 1999 WL 976242, at *2 (11th Cir. Oct. 27, 1999), aff'd, 203 F.3d 839 (Table) (11th Cir. 1999); see also Wyzykowski v. Dep't of Corr., 226 F.3d 1213, 1217 (11th Cir. 2000) ("limitation period does not render the collateral relief ineffective or inadequate to test the legality of detention"). A one-year limitation period applies to § 2255 motions, which runs from the "date on which the judgment of conviction becomes final." 28 U.S.C. § 2255(f)(1). As Lenton has surpassed this time period, he has styled his action as a petition for writ of habeas corpus filed pursuant to 28 U.S.C. § 2241 seeking to invoke the savings clause.

The fact that Lenton is barred from filing a successive or second § 2255 motion does not render § 2255's remedy inadequate or ineffective. Lenton cannot circumvent the requirements for § 2255 motions by styling his petition for habeas corpus as filed pursuant to § 2241. Lenton is doing nothing more than "attempting to use § 2241 . . . to escape the restrictions of § 2255." Wofford, 177 F.3d at 1245. The savings clause

AO 72A
(Rev. 8/82)

"does not exist to free a prisoner of the effects of his failure to raise an available claim earlier." Id.

In addition, Lenton fails to rely upon a Supreme Court decision retroactively applicable on collateral review concerning his argument that the quantity of drugs must be found by a jury beyond a reasonable doubt since this finding increased his penalty. Furthermore, the Eleventh Circuit has held "that the savings clause does not authorize a federal prisoner to bring in a § 2241 petition a claim, which would otherwise be barred by § 2255(h), that the sentencing guidelines were misapplied in a way that resulted in a longer sentence not exceeding the statutory maximum." Gilbert v. United States, 640 F.3d 1290, 1323 (11th Cir. 2011). Lenton faced a statutory maximum of 240 months' imprisonment for Count 1. His sentence on that Count does not exceed this maximum.

Lenton relies upon the decisions in Teague v. Lane, 489 U.S. 288 (1989), and Apprendi v. New Jersey, 530 U.S. 466 (2000). In Apprendi, the Supreme Court held that, "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 530 U.S. at 490. However, the Eleventh Circuit has "held, in the context of collateral review, that Apprendi is not retroactively applicable" on collateral review. United States v. Daniel, 503 F. App'x 804, 808 (11th Cir. 2013) (citing McCoy v. United States, 266 F.3d 1245, 1258-59 (11th Cir. 2001) ("Apprendi claims are barred by Teague's non-retroactivity standard.")). Lenton also relies upon the decisions in Blakely v. Washington, 542 U.S. 296 (2004), and United States v. Booker, 543 U.S. 220 (2005), which are both extensions of Apprendi and therefore not retroactively applicable on collateral review. See In re Dean, 375 F.3d

AO 72A
(Rev. 8/82)

1287, 1290 (11th Cir. 2004) ("Because Blakely, [ ] is based on an extension of Apprendi, [petitioner] cannot show that the Supreme Court has made that decision retroactive to cases already final on direct review."); In re Anderson, 396 F.3d 1336, 1340 (11th Cir. 2005) ("because Booker, like Blakely [ ], is based on an extension of Apprendi, [petitioner] cannot show that the Supreme Court has made that decision retroactive to cases already *final* on direct review.").

Lenton cites to the decision in Chapman v. United States, 500 U.S. 453 (1991), in which the Supreme Court held that, "it is the weight of the blotter paper containing LSD, and not the weight of the pure LSD, which determines eligibility for the minimum sentence" for the offense of distributing more than one gram of lysergic acid diethylamide. 500 U.S. at 455. This opinion is not relevant to Lenton's claims. Because Lenton does not base his claims upon a retroactively applicable Supreme Court decision, he does not fulfill the first condition to invoke the savings clause.

Lenton also argues that his predicate convictions for aggravated assault without a firearm, aggravated assault with deadly weapon, and possession with intent to distribute cocaine do not qualify him to be sentenced as an armed career criminal. He relies upon the decisions in Begay and Bryant for support. According to Bryant, for Lenton to successively invoke the savings clause attacking his sentence through a § 924(e) claim, he must establish that:

> (1) throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had specifically addressed [Lenton's] *distinct* prior state conviction that triggered § 924(e) and had squarely foreclosed [Lenton's] § 924(e) claim that he was erroneously sentenced above the 10–year statutory maximum penalty in § 924(a); (2) subsequent to his first § 2255 proceeding, the Supreme Court's decision in Begay, as *extended by* [the Eleventh Circuit] to [Lenton's] *distinct* prior conviction, overturned our Circuit precedent that had squarely foreclosed [Lenton's] §

7

AO 72A
(Rev. 8/82)

924(e) claim; (3) the new rule announced in Begay applies retroactively on collateral review; (4) as a result of Begay's new rule being retroactive, [Lenton's] current sentence exceeds the 10-year statutory maximum authorized by Congress in § 924(a); and (5) the savings clause in § 2255(e) reaches his pure § 924(e)-Begay error claim of illegal detention above the statutory maximum penalty in § 924(a).

Bryant, 738 F.3d at 1274 (emphasis added). "What makes the § 2255 proceeding 'inadequate or ineffective' for [a] petitioner [ ] is that he had no 'genuine opportunity' to bring his § 924(e) claim because Circuit precedent squarely foreclosed that claim throughout his trial, direct appeal, and first § 2255 motion." Id. at 1272. Lenton has not "carried his burden to show that his specific § 924(e) claim in his § 2241 petition was squarely foreclosed by binding Circuit precedent throughout his sentencing in 200[3], direct appeal in 200[3], and first § 2255 proceeding in 2005." See id. at 1274. As to the second requirement, Lenton has failed to establish that Begay, as extended by an Eleventh Circuit decision, busted the Circuit's precedent that had foreclosed his § 924(e) claim. See id. at 1275. Lenton must show that this Circuit "extended Begay's holding to his distinct prior state conviction[s]." Id.

Lenton appears to cite to Johnson v. United States, 559 U.S. 133 (2010), a case in which the Supreme Court decided "whether the Florida felony offense of battery . . . constitutes a 'violent felony' under the Armed Career Criminal Act, § 924(e)(1)." 559 U.S. at 135. This decision does not concern either of his distinct prior convictions. Lenton also cites to Carachuri-Rosendo v. Holder, 560 U.S. 563 (2010), a decision in which the Supreme Court addressed "whether [petitioner was] eligible to seek cancellation of removal or waiver of inadmissibility under § 1229b(a) [and] whether he has been convicted of an 'aggravated felony,' § 1229b(a)(3), a category of crimes singled out for the harshest deportation consequences." 560 U.S. at 566. Lenton also

8

cites to Taylor v. United States, 495 U.S. 575 (1990), a Supreme Court decision handed down before Begay which addressed "the meaning of the word 'burglary' as it is used in § 1402 of Subtitle I [ ] of the Anti-Drug Abuse Act of 1986, 18 U.S.C. § 924(e)." 495 U.S. at 577. These decisions do not address Lenton's distinct prior convictions and are not applicable to his present claims.

Lenton relies upon other decisions including: Descamps v. United States, __ U.S. __, 133 S. Ct. 2276 (2013), which held that courts may not apply the modified categorical approach if the crime has single, indivisible elements; Spencer v. United States, 727 F.3d 1076 (11th Cir. 2013), which was recently vacated; and United States v. Archer, 531 F.3d 1347 (11th Cir. 2008), concerning a prior conviction for carrying a concealed firearm. Descamps, 133 S. Ct. at 2282; Archer, 531 F.3d at 1350. These cases are not relevant to Lenton's claims. Lenton failed to point to any decision in which the court used the analysis established in Begay to hold that either aggravated assault without a firearm, aggravated assault with a deadly weapon, or possession of cocaine with the intent to sell no longer serve as a qualifying felony. Thus, he cannot show that any circuit "busting" occurred after his "trial, direct appeal, and initial § 2255 proceedings had ended." Bryant, 738 F.3d at 1275. Therefore, he cannot invoke the savings clause.

Lenton fails to prove that his prior § 2255 motion was inadequate or ineffective to test the legality of his detention, and he cannot proceed under § 2255(e). Therefore, the Court cannot rule on the merits of Lenton's § 2241 petition.

AO 72A
(Rev. 8/82)

## CONCLUSION

Based on the foregoing, it is my **RECOMMENDATION** that Lenton's § 2241 petition be **DISMISSED**.

**SO REPORTED** and **RECOMMENDED**, this 22nd day of April, 2014.

JAMES E. GRAHAM
UNITED STATES MAGISTRATE JUDGE

AO 72A
(Rev. 8/82)