IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
BRUNSWICK DIVISION

OSCAR LENTON, SR.,

    Petitioner,

v.                                   CIVIL ACTION NO.: CV214-009

WARDEN HASTINGS,

    Respondent.

## ORDER

After an independent and *de novo* review of the entire record, the undersigned concurs with the Magistrate Judge's Report and Recommendation, to which Petitioner Oscar Lenton ("Lenton") filed Objections. (Doc. 13). In his Objections, Lenton states that his sentence exceeds the statutory maximum permitted by statute in violation of the Armed Career Criminal Act ("ACCA"). Lenton contends that because his sentence exceeds the statutory maximum, "he is being detained without authorization by any statute." Id. at 4. Lenton asserts that the Court should examine his excessive statutory claim in light of the decisions in Begay v. United States, 553 U.S. 137 (2008) and Bryant v. Warden, FCC Coleman-Medium, 738 F.3d 1253 (11th Cir. 2013). Lenton is barred from filing a successive or second § 2255 motion. In order for the Court to rule on the merits of his § 2241 petition, he must invoke the savings clause by demonstrating that § 2255 was an inadequate or ineffective remedy.

The Eleventh Circuit Court of Appeals recently reaffirmed its ruling in Williams v. Warden, Fed. Bureau of Prisons, 713 F.3d 1332 (11th Cir. 2013), and stated that in

order for a petitioner to "show that a prior § 2255 motion was inadequate or ineffective to test the legality of his detention," he must demonstrate that:

> throughout his sentencing, direct appeal, and first § 2255 proceeding, our Circuit's binding precedent had *specifically addressed his distinct prior conviction* that triggered § 924(e) and squarely foreclosed the § 924(e) claim that he was erroneously sentenced above the 10-year statutory maximum penalty in § 924(a).

Chaplin v. Warden, U.S. Atty. Gen., __ F. App'x __, 2014 WL 1643947, No. 12-14159, at *2 (11th Cir. Apr. 25, 2014) (quoting Mackey v. Warden, 739 F.3d 657, 661 (11th Cir. 2014) (emphasis added)) (citing Bryant, 738 F.3d at 1274). Lenton fails to demonstrate that our Circuit's precedent specifically addressed his distinct prior convictions and foreclosed a § 924(e) claim. Lenton is unable to demonstrate that the remedy provided pursuant to § 2255 is "inadequate or ineffective to test the legality of his detention." 28 U.S.C. § 2255(e). Lenton cannot proceed under the savings clause, and the Court has no jurisdiction to rule on the merits of Lenton's § 2241 petition.

Lenton's Objections are **overruled**. The Magistrate Judge's Report and Recommendation is adopted as the opinion of the Court. Lenton's 28 U.S.C. § 2241 petition is **DISMISSED**. The Clerk of Court is directed to enter the appropriate judgment of dismissal.

**SO ORDERED**, this 21 day of July, 2014.

LISA GODBEY WOOD, CHIEF JUDGE
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA